ADOLPH HUMPFNER, Appellant, *v.* LUCIUS H. BEERS
et al., Individually and as Trustees under the Will of
ROBERT R. STUYVESANT, Deceased, Respondents.

*Humpfner* v. *Beers,* 171 App. Div. 184, affirmed.

(Argued October 28, 1918; decided November 12, 1918.)

APPEAL from a judgment, entered March 11, 1916,
upon an order of the Appellate Division of the Supreme
Court in the first judicial department, reversing a judg-
ment in favor of plaintiff entered upon a decision of the
court on trial at Special Term and directing a dismissal of
the complaint in an action to compel specific performance
of an agreement to renew a lease.   By way of defense
the defendants pleaded, among other things, the tender
of a lease in the form claimed by the plaintiff, except
for the insertion of the following clause:  " It is expressly
covenanted and agreed by the parties hereto that the
making and delivery of this lease shall not operate to
create any easement over or with respect to the lands of
the parties of .the first part lying between the demised
premises and Seventeenth street, unless such easement
legally existed as against the owners of the fee of said
land prior to the date and delivery of these presents."
As a basis for this defense the defendants pleaded that
under the will of Robert R. Stuyvesant, deceased, they
were, as trustees, the owners of the premises immediately
to the north of the premises described in said lease,
and that the plaintiff claimed to be entitled to maintain
a sewer over their said premises, which right the defend-
ants denied.   The defendants claimed that the renewal
lease so tendered to the plaintiff  demised and leased
every right and interest which the plaintiff was entitled
to receive under the existing lease for the renewal of which
provision was made therein, and claimed that without

the clause referred to the renewal lease would create over other land of the defendants an easement to which the plaintiff was not entitled. The defendants by way of counterclaim pleaded their continued readiness and willingness to deliver to the plaintiff a renewal lease containing the clause in question, and demanded judgment dismissing the complaint and directing the defendants to execute and deliver a renewal lease in the form annexed to the answer. The plaintiff in a reply claimed that the premises owned by the defendants to the north of the premises described in the complaint were subject to easements for the maintenance of sewer, water pipes, party wall and other easements existing in favor of the plaintiff and his predecessors in title.

*Harry N. Selvage* and *Leo Schafran* for appellant.

*Howard Mansfield* and *Henry de Forest Baldwin* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., COLLIN, CARDOZO and ANDREWS, JJ. Dissenting: CHASE, CUDDEBACK and POUND, JJ.